IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:08-CR-3180 |
| vs. | |
| ROBERT E. WILLIAMS, JR., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's pro se Motion for Sentence Clarification. Filing 68. The defendant asks the Court to "clarify" whether, at the time of his sentencing, he was under the primary jurisdiction of the State of Nebraska or the federal government. *See Elwell v. Fisher*, 716 F.3d 477, 481–82 (8th Cir. 2013). The reason for this request is revealed in the defendant's previous motion for copies (filing 64), in which he asserts that the Bureau of Prisons has erroneously computed his federal sentence because it has mistakenly found that he was subject to the State of Nebraska's primary jurisdiction.

In other words, the defendant only seeks "clarification" so that he may challenge the Bureau of Prison's determination of his sentence's duration. But the proper vehicle to challenge the execution of a federal prisoner's sentence is a petition for habeas relief under 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Pro se filings are to be given a liberal construction—when the essence of an allegation is discernable, the Court should construe it in a way that permits the petitioner's claim to be considered within the proper legal framework. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014); *see also* Fed. R. Civ. P. 8(e). So, the Court will construe defendant's motion as a petition brought under § 2241.

However, this is not the proper venue for a § 2241 petition, as the defendant is not confined in the District of Nebraska. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting § 2241(a)). In a habeas proceeding, the proper respondent is the warden of the facility where the prisoner is being held. *Id.* at 434–35. According to the docket sheet, the defendant is presently incarcerated in Minnesota. So, jurisdiction is proper in the District of Minnesota. *See id.* at 443.

Accordingly, the Court must either dismiss this action or, if it is in the interests of justice, transfer the action to a court that does have jurisdiction.

*See*, 28 U.S.C. § 1631; *Smith v. U.S. Bureau of Prisons*, 971 F. Supp. 2d 99 (D.D.C. 2013). The Court finds that the interests of justice will be served by transferring the defendant's motion.[1] However, the Court will leave the choice up to the defendant: the Court will either (1) transfer this matter to the District of Minnesota; or (2) deny the defendant's petition, without prejudice, so that defendant may refile any petition in the proper forum. If the Court does not hear from the defendant within 30 days, it will assume he has consented to transfer of his petition.

THERFORE, IT IS ORDERED:

1. On or before January 22, 2015, the defendant shall inform the Court whether he wishes the pending motion for clarification (filing 68), which the Court has construed as a petition under 28 U.S.C. § 2241, to be:

    a. transferred to the District of Minnesota; or

    b. denied without prejudice to its later reassertion in the correct forum.

2. If the defendant does not respond on or before January 22, 2015, the Court will transfer this matter to the District of Minnesota, without further notice.

3. The Clerk shall mail a copy of this Memorandum and Order to the defendant at his address of record.

4. The Clerk shall set a case management deadline of January 22, 2015.

Dated this 22nd day of December, 2014.

BY THE COURT:

*signature*

John M. Gerrard
United States District Judge

---

[1] The Court expresses no opinion on the merits of the defendant's § 2241 petition, nor as to whether the defendant has exhausted all applicable administrative remedies. *See United States. v. Chappel*, 208 F.3d 1069, 1069–70 (8th Cir. 2000).